IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CHARLES LYONS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | Case No. 1:19-cv-276-ECM-SMD |
| ) | |
| WILLIAM MADDOX and ) | |
| STEVEN SANDERS, ) | |
| ) | |
| Defendants. ) | |

### RECOMMENDATION OF THE MAGISTRATE JUDGE

*Pro se* Plaintiff Charles Lyons brings this action under 42 U.S.C. § 1983. *Second Am. Compl.* (Doc. 47) p. 1. Lyons claims that Henry County Deputy Sherriff Steven Sanders seized property from his home in violation of the Fourth and Fourteenth Amendments.[1] *Id.* He further claims that Henry County Sherriff William Maddox is liable for the challenged seizure under a theory of supervisor liability. *Id.* at 5. Lyons seeks compensatory and punitive damages from both Defendants. *Id.* at 6.

Before the Court is Defendant Maddox's motion to dismiss Lyons's claims in their entirety. *Maddox Mot.* (Doc. 53) p. 1. For the following reasons, the undersigned Magistrate Judge RECOMMENDS that: (1) Defendant Maddox's motion (Doc. 53) be

---

[1] The Fourteenth Amendment makes the Fourth Amendment applicable to state actors. *Mapp v. Ohio*, 367 U.S. 643, 655 (1961). For the balance of this Recommendation, any reference to the Fourth Amendment refers also to the Fourteenth Amendment.

GRANTED; (2) all other pending motions (Docs. 52, 68, 71)[2] be DENIED as moot; and (3) Lyons's second amended complaint (Doc. 47) be DISMISSED in its entirety WITH PREJUDICE.

I.   **BACKGROUND**

The facts of this case are straightforward. In January 2017, the District Court of Houston County, Alabama, issued a search warrant for Lyons's residence, vehicle, and person. *Second Am. Compl.* (Doc. 47) pp. 4, 7.[3] On the morning of February 1, 2017, Henry County Deputy Sherriff Steven Sanders pulled over and arrested Lyons. *Id.* at 4.[4] Later that day, Defendant Sanders and a Houston County officer went to Lyons's home and executed the Houston County search warrant. *Id.* at 4–5. Before doing so, the Houston County officer read Lyons the warrant and informed him that any evidence seized would be used to bring charges against him in only Houston County. *Id.* at 3–4.

During the search of Lyons's residence, Defendant Sanders seized items implicating Lyons on state forgery charges. *Id.* at 5. Based on that evidence, Defendant Sanders charged Lyons in Henry County with possession of a forgery device and possession of a forged instrument. *Id.* On April 18, 2017, Lyons received notice of these charges. *Id.* at 3.

---

[2] Also pending before the Court is Defendant Maddox's motion to quash service of process (Doc. 52), Defendant Sanders's motion for extension of time to respond to Lyons's complaint (Doc. 68), and Defendant Sanders's untimely motion to dismiss (Doc. 71).

[3] In his second amended complaint, Lyons refers to this warrant interchangeably as the "Houston County search warrant" and the "Dothan Police Department warrant." *Second Am. Compl.* (Doc. 47) pp. 3, 5. For consistency and clarity, the undersigned refers to this warrant as the "Houston County search warrant."

[4] Lyons does not challenge the constitutionality of the traffic stop or his subsequent arrest.

He also learned that the charges were based on the items Defendant Sanders seized from his residence pursuant to the Houston County search warrant. *Id.* at 3.

On April 16, 2019, Lyons filed the instant § 1983 action. *Id.* at 1, 6; *see also Compl.* (Doc. 1) p. 1. In his second amended complaint, Lyons alleges that Defendant Sanders seized his property in violation of the Fourth Amendment. *Second Am. Compl.* (Doc. 47) pp. 4, 7. He further alleges that Defendant Maddox is liable for the challenged seizure under a theory of supervisor liability. *Id.* at 5. In response, Defendant Maddox filed a motion to dismiss Lyons's second amended complaint on the grounds that Lyons's claim against Defendant Sanders is time barred and that Lyons has failed to state a plausible § 1983 claim of supervisor liability against Defendant Maddox. *Maddox Mot.* (Doc. 53) p. 1, ¶¶ 1–2. Lyons, in turn, filed an opposition to the motion. *Pl.'s Resp.* (Doc. 66) p. 1.

## II.  LEGAL STANDARDS

Federal Rule of Civil Procedure 8 provides the standard for pleadings. Under Rule 8, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled" to the relief sought. FED. R. CIV. P. 8(a)(2). This standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint that merely relies on "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient to meet the standard of Rule 8. *Twombly*, 550 U.S. at 555.

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint if it fails to state a claim on which relief can be granted. FED. R. CIV. P. 12(b)(6). To survive

a motion to dismiss, a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). This standard "'calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the defendant's liability." *Id.* (quoting *Twombly*, 550 U.S. at 556). A reviewing court must accept all factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff. *Dusek v. JPMorgan Chase & Co.*, 832 F.3d 1243, 1246 (11th Cir. 2016). A court gives legal conclusions—e.g., formulaic recitations of the elements of a cause of action—no presumption of truth. *Mamani v. Berzain*, 654 F.3d 1148, 1153 (11th Cir. 2011).

Lastly, federal courts liberally construe *pro se* pleadings. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). The general rule is that courts hold *pro se* pleadings to a less stringent standard than pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). This leniency, however, does not give a reviewing court "license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Williams, Scott & Assocs. LLC v. United States*, 2021 WL 777599, at *1 (11th Cir. Mar. 1, 2021) (per curiam) (quoting *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014)).

### III.  DISCUSSION

Lyons's claims should be dismissed in their entirety. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir.

4

2010). Here, Lyons brings two § 1983 claims—one against Defendant Sanders and one against Defendant Maddox. *Second Am. Compl.* (Doc. 47) pp. 1, 5. Lyons's claims should be dismissed for the following reasons.

### A. Lyons's Claim Against Defendant Sanders

Lyons's § 1983 claim against Defendant Sanders is time barred. Claims brought under § 1983 are tort actions and "subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought." *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008). In Alabama, the statute of limitations for personal injury actions is two years. ALA. CODE § 6-2-38. Accordingly, a § 1983 claim brought in Alabama is subject to a two-year statute of limitations. *McGuire v. Marshall*, 2021 WL 67912, at *20 (M.D. Ala. Jan. 7, 2021). That statute "begins to run from the date 'the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights.'" *Brown v. Ga. Bd. of Pardons & Paroles*, 335 F.3d 1259, 1261 (11th Cir. 2003) (quoting *Rozar v. Mullis*, 85 F.3d 556, 561 (11th Cir. 1996)).

In the context of a § 1983 claim alleging an unlawful Fourth Amendment seizure of property,[5] Eleventh Circuit precedent makes clear that the statute of limitations begins at the time the plaintiff learns of the seizure. *See, e.g.*, *Holt v. Valls*, 395 F. App'x 604, 606 (11th Cir. 2010); *Rice v. Sixteen Unknown Fed. Agents*, 658 F. App'x 959, 962 (11th Cir.

---

[5] A Fourth Amendment seizure of property "occurs when there is some meaningful interference with an individual's possessory interests in that property." *United States v. Jacobsen*, 466 U.S. 109, 113 (1984).

5

2016).[6] The date on which a plaintiff learns that the challenged seizure was unlawful is irrelevant to the analysis. *See, e.g.*, *Pendarvis v. Helms*, 2006 WL 2724901, at *2 n.3 (M.D. Fla. Sept. 22, 2006); *Jones v. Mathis*, 2018 WL 6313477, at *2 (N.D. Fla. Nov. 2, 2018), *report and recommendation adopted*, 2018 WL 6305667 (N.D. Fla. Dec. 3, 2018). Neither a plaintiff's "ignorance of the law nor his *pro se* status constitutes 'extraordinary circumstances' sufficient to toll the running of the statute of limitations." *Rice*, 658 F. App'x at 962.

Here, Lyons's fundamental argument is that Defendant Sanders seized his property in violation of the Fourth Amendment. *Second Am. Compl.* (Doc. 47) p. 1. Lyons reasons that the Houston County search warrant did not authorize Defendant Sanders—a Henry County Deputy Sherriff—to seize property from his home. *Id.* at 3. Because Defendant Sanders lacked a valid search warrant or other legal justification to seize his property, Lyons concludes that the seizure was unlawful under the Fourth Amendment. *Id.* at 5.

Assuming the challenged seizure was unlawful, Lyons's § 1983 claim against Defendant Sanders is time barred. The challenged seizure occurred on February 1, 2017. *Id.* at 4. A Houston County officer notified Lyons of the seizure that same day. *Id.* at 3. Lyons did not file the instant action until April 16, 2019—more than two years after the challenged seizure occurred. *Compl.* (Doc. 1) p. 1. Lyons's § 1983 claim against Defendant Sanders is therefore untimely.

---

[6] *See also Colomb v. James*, 2020 WL 7041498, at *3 (N.D. Ga. Dec. 1, 2020) (explaining that the statute of limitations for a § 1983 claim alleging an unlawful Fourth Amendment seizure of property begins to run when the plaintiff learns of the seizure); *Norman v. Drug Enf't Admin.*, 2018 WL 7075293, at *2 (M.D. Ala. Sept. 14, 2018) (same), *report and recommendation adopted*, 2019 WL 254235 (M.D. Ala. Jan. 17, 2019).

Lyons sees things differently. He argues that the statute of limitations began to run on the day he learned of the Henry County charges pending against him—i.e., April 18, 2017. *Second Am. Compl.* (Doc. 47) p. 3. Lyons reasons that, until then, he had no reason to believe that Defendant Sanders had relied on the Houston County search warrant to seize his property on behalf of Henry County. *Id.* Contrary to Lyons's position, and as explained above, the statute of limitations began to run when Lyons learned of the challenged seizure—i.e., February 1, 2017—not when he learned the seizure was purportedly unlawful.

Finally, it is worth noting that Lyons does not argue that the statute of limitations should be tolled—only that the statute of limitations does not bar his claims. And to be sure, neither Lyons's ignorance of the law nor his *pro se* status constitutes extraordinary circumstances sufficient to toll the running of the statute of limitations. Accordingly, the statute of limitations should not be tolled in this case. Thus, accepting all factual allegations in Lyons's second amended complaint as true and construing them in the light most favorable to him, Lyons's § 1983 claim against Defendant Sanders is time barred. Lyons's claim against Defendant Sanders should therefore be dismissed.

### B.     Lyons's Claim Against Defendant Maddox

Lyons has failed to state a plausible § 1983 claim of supervisor liability against Defendant Maddox. In § 1983 cases, it is well-established "that liability must be based on something more than a theory of respondeat superior." *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990) (quoting *H.C. by Hewett v. Jarrard*, 786 F.2d 1080, 1086 (11th Cir. 1986)). Supervisor liability under § 1983 occurs only when: (1) a supervisor personally

participates in the alleged constitutional violation; or (2) there is a causal connection between the actions of the supervisor and the alleged constitutional deprivation. *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999).

To establish a causal connection at the motion to dismiss stage, a plaintiff must allege facts sufficient to make one of three showings. *See Williams v. Santana*, 340 F. App'x 614, 617 (11th Cir. 2009). First, a plaintiff can allege that a history of widespread abuse put the responsible supervisor on notice of the need to correct the alleged deprivation, and the supervisor failed to do so. *Brown*, 906 F.2d at 671. The alleged deprivation "must be obvious, flagrant, rampant and of continued duration," rather than an isolated occurrence. *Hartley*, 193 F.3d at 1269 (quoting *Brown*, 906 F.2d at 671). Alleging one or two incidents of abuse is insufficient to state a § 1983 claim of supervisor liability at the motion to dismiss stage. *N.R. by Ragan v. Sch. Bd. of Okaloosa Cnty., Fla.*, 418 F. Supp. 3d 957, 981 (N.D. Fla. 2019) (collecting cases).

Second, a plaintiff can allege that the responsible supervisor's custom or policy resulted in deliberate indifference to constitutional rights. *Mathews v. Crosby*, 480 F.3d 1265, 1270 (11th Cir. 2007). Under this theory, a supervisor can be held liable for inadequate police training "only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989). A plaintiff fails to state a failure-to-train claim "where there are no allegations that the supervisor had actual notice of the unconstitutional practices, or that there is a history of widespread abuse." *Sigler v.*

8

*Bradshaw*, 2015 WL 1044175, at *3 (S.D. Fla. Mar. 10, 2015) (citing *Wright v. Sheppard*, 919 F.2d 665, 675 (11th Cir. 1990)).

Third and finally, a plaintiff may allege facts that "support an inference that the supervisor directed subordinates to act unlawfully or knew that subordinates would act unlawfully and failed to stop them from doing so." *Santana*, 340 F. App'x at 617 (quoting *Mathews*, 480 F.3d at 1270). Ultimately, under any of these theories, the standard for holding a supervisor liable "for the actions of a subordinate is extremely rigorous." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1308 (11th Cir. 2009) (quoting *Braddy v. Fla. Dep't of Lab. & Emp. Sec.*, 133 F.3d 797, 802 (11th Cir. 1998)).

In this case, Lyons does not allege that Defendant Maddox personally participated in the challenged seizure. Instead, he attempts to establish a causal connection between the actions of Defendant Maddox and the challenged seizure by alleging two instances of abuse. *Second Am. Compl.* (Doc. 47) pp. 2, 5. First, Lyons asserts that Defendant Maddox failed to properly supervise and train his deputies and that, had he done so, the challenged seizure would not have occurred. *Id.* at 5. Second, Lyons alleges that, in 2012, the Alabama Bureau of Investigation arrested a Henry Country police officer "on four felony counts of property theft and intimidating a witness." *Id.* at 2. Lyons argues that the challenged seizure in conjunction with the 2012 incident demonstrate a "consciously widespread practice" of abuse by the Henry Country Sherriff's Office. *Id.*

Even if true, Lyons's allegations are insufficient to establish a causal connection between the actions of Defendant Maddox and the challenged seizure under any of the above theories. Lyons alleges only two instances of abuse—the challenged seizure and the

9

2012 incident—which, as explained above, is insufficient to state a § 1983 claim of supervisor liability at the motion to dismiss stage. Neither does Lyons allege any facts to suggest that Defendant Maddox had actual notice of the purported unconstitutional practices of the Henry Country Sherriff's Office. Furthermore, Lyons does not allege that Defendant Maddox directed his subordinates to act unlawfully, or knew they would act unlawfully and failed to stop them from doing so.

Accordingly, Lyons has failed to allege facts sufficient to establish a causal connection between the actions of Defendant Maddox and the challenged seizure. Because Lyons has not alleged that Defendant Maddox personally participated in the challenged seizure, Lyons has failed to state a plausible § 1983 claim of supervisor liability against Defendant Maddox. Lyons's claim against Defendant Maddox should therefore be dismissed.

## IV.   CONCLUSION

Lyons's claims should be dismissed in their entirety. First, Lyons's § 1983 claim against Defendant Sanders is time barred. Second, Lyons has failed to state a plausible § 1983 claim of supervisor liability against Defendant Maddox. The undersigned Magistrate Judge therefore RECOMMENDS that: (1) Defendant Maddox's motion to dismiss (Doc. 53) be GRANTED; (2) all other pending motions (Docs. 52, 68, 71) be DENIED as moot; and (3) Lyons's second amended complaint (Doc. 47) be DISMISSED in its entirety WITH PREJUDICE.

Additionally, it is ORDERED that the parties shall file any objections to this Recommendation on or before **April 16, 2021**. A party must specifically identify the

factual findings and legal conclusions in the Recommendation to which each objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation, and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1; *see also Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 2nd day of April, 2021.

/s/ Stephen M. Doyle
Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE