IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CHARLES LYONS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: 1:19-cv-276-ECM |
| | ) (WO) |
| WILLIAM MADDOX, and | ) |
| STEVEN SANDERS, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION and ORDER**

Now pending before the court is the Report and Recommendation of the Magistrate Judge (doc. 78) which recommends that Defendant Maddox's motion to dismiss (doc. 53) be granted, all other pending motions (docs. 52, 68, and 71) be denied as moot, and this case be dismissed with prejudice. On April 8, 2021, the Plaintiff filed an Objection to the Recommendation (doc. 79).

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo*. 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify the recommended disposition; receive further evidence; or resubmit the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990). However, objections to the Magistrate Judge's Report and Recommendation must be sufficiently specific to warrant *de novo* review. *See Stokes v.*

*Singletary,* 952 F.2d 1567, 1576 (11th Cir. 1992) ("[w]henever any party files a timely and specific objection to a finding of fact by a magistrate, the district court has an obligation to conduct a *de novo* review of the record with respect to that factual issue.") (quoting *LoConte v. Dugger,* 847 F.2d 745, 750 (11th Cir. 1988)).

The Court first addresses the Plaintiff's objection to the Magistrate Judge's finding that his claims are barred by the statute of limitations. In the operative complaint, Lyons asserts that "Sanders was allowed to assist the Dothan Officer with the warrant for the city of Dothan arrest but was not authorized in this warrant to seize any items for an arrest beyond the return of the items to Officer Nelson to assist in the Dothan case." (Doc. 47 at 1). The Magistrate Judge determined that the search and seizure at issue took place on February 1, 2017, and that Lyons was aware of the search and seizure on that date. (Doc. 78 at 6-7). Because he was not charged in Henry County until April 18, 2017, Lyons argues that the statute of limitations began to run when he was notified that charges were filed against him in Henry County based on Sanders' alleged seizure of evidence, not when the search and seizure actually occurred. (Doc. 47 at 3).

The parties do not dispute that the applicable statute of limitations for a § 1983 claim in Alabama is two years. The statute of limitations begins to run "when the plaintiff knows or has reason to know that he has been injured." *Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987). Therefore, the statute began to run when Lyons knew or had reason to know that Sanders had searched and seized items without a warrant which occurred in February, 2017. The fact that Lyons was charged in Henry County in April 2017 does not alter the fact that Lyons knew in February that Sanders participated in the search and

2

seizure.  In fact, Lyons specifically states in his complaint that Sanders assisted in the search, and seized items from the residence.  (Doc. 47 at 4–5).  Consequently, the statute of limitations began to run on February 1, 2017 when Lyon knew or had reason to know that Sanders searched and seized items from him without a warrant.  This lawsuit was filed on April 16, 2019, (doc. 1), and thus, is barred by the statute of limitations.[1]  Lyons' objection on this basis is due to be overruled.  With respect to the claims against Defendant Sanders, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the Plaintiff has failed to state a claim upon which relief may be granted, and dismissal is warranted because the claims are time-barred.

The Court now turns to the Plaintiff's objection that the Magistrate Judge erred in dismissing Sheriff Maddox.  The Plaintiff makes conclusory assertions that he is entitled to relief against the Sheriff and offers a recitation of the claims made in his complaint but he does not point to any legal error committed by the Magistrate Judge.  The Court has carefully reviewed the Recommendation of the Magistrate Judge, and the Plaintiff's objections, and the Court finds that the Plaintiff's objections are due to be overruled.

Accordingly, for the reasons as stated and for good cause, it is

ORDERED as follows:

1.     the Plaintiff's objection (doc. 79) is OVERRULED;

2.     the Recommendation of the Magistrate Judge (doc. 78) is ADOPTED;

---

[1] To the extent that Lyons alleges in his objection that the statute of limitations should be tolled because he was incarcerated, (doc. 79 at 3), he is entitled to no relief of this basis.  The Magistrate Judge found, and Lyons does not challenge, that his *pro se* status or ignorance of the law does not constitute extraordinary circumstances warranting tolling of the statute.  That determination is not clearly erroneous or contrary to law.

    3.      Defendant Maddox's motion to dismiss (doc. 53) is GRANTED;

    4.      Plaintiff's claims against Defendant Sanders are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii);

    5.      all other motions (docs. 52, 68, and 71) are DENIED as moot; and

    6.      this case is DISMISSED with prejudice.

A final judgment will be entered.

DONE this 2nd day of September, 2021.

                      /s/   Emily C. Marks
                      EMILY C. MARKS
                      CHIEF UNITED STATES DISTRICT JUDGE